UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANDREIANA HADON and DARRYL MULLINS,

                                            Plaintiff,    **COMPLAINT AND JURY DEMAND**

              -against-

DETECTIVE ERIC C. GIULIANI, SHIELD NO. 4136 and JOHN DOE ##1-8,    DOCKET #

                                           Defendants.
                                                                          ECF CASE
------------------------------------------------------------------------ x

## SAME THING, DIFFERENT DAY

1. At 6 in the morning on December 16, 2022, while Plaintiffs Andreiana Hadon and Darryl Mullins were asleep in Ms. Hadon's home, Detective Eric C. Giuliani came to her door, busted it down, and entered her apartment.

2. Finding nothing illegal anywhere in the home, Detective Giuliani did not apologize. Instead, he falsely arrested the plaintiffs and fabricated a story that they were in the hallway outside her apartment carrying a bag of heroin.

3. They were forced to endure more than 20 hours in police custody. They were given a Desk Appearance Ticket (dismissed), and they were released from the precinct and force to walk home in the rain between 2 and 3 in the morning.

4. Ms. Hadon was a 45 year old woman who lives in a NYCHA apartment in Brooklyn, New York. Her friend, Mr. Mullins, is a 63 year old man who was visiting that night.

5. Detective Giuliani is an NYPD officer who, upon information and belief, lives in the suburbs of New York City.

6. This is not the first time Detective Giuliani busted down a middle-aged woman's door

and then falsely arrested her. His arrest of Lydia Pruitt in 2016 was the subject of a federal lawsuit and an article in the Daily News. In fact, he has been the subject of at least three CCRB complaints about unlawful forced entries into people's homes, among other CCRB complaints and allegations, and nine lawsuits.

7. Notably, in 2019 Detective Giuliani has also been cited by NYPD for filing an inaccurate or incomplete report and for an invoice discrepancy involving his recovery of narcotics. The action taken against the Detective for falsely reporting the narcotics he claimed to recover was to receive "verbal instructions" by NYPD. On December 16, he charged Ms. Hadon and Mr. Mullins with heroin possession.

8. And here is Detective Giuliani again, named in a federal lawsuit for abusing his authority as a law enforcement officer. Same thing, different day.

9. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

10. At all times here mentioned Eric Giuliani and John Doe Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York

## **JURISDICTION**

11. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth Amendment to the United States Constitution. Supplemental jurisdiction is asserted.

12. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

13. Defendants are sued in their individual and official capacities.

## FACTUAL ALLEGATIONS

14. At 6:00 a.m. on December 16, 2022, the Plaintiffs were asleep inside of Ms. Hadon's apartment at 350 Blake Avenue in the Brownsville neighborhood of Brooklyn.

15. The Plaintiffs were awoken to the alarming sound of people knocking down Ms. Hadon's front door.

16. Unbeknownst to them at first, the people knocking down their door were NYPD officers, including Defendant Eric Giuliani.

17. Before they could get dressed and get out of bed, six to seven police officers stormed their bedroom with guns drawn.

18. They were handcuffed and roughly moved to the dining area in the front of the apartment. Ms. Hadon's adult son was also removed to the dining area.

19. Despite Ms. Hadon's frequent requests, the officers did not present a warrant to the Plaintiffs and to date have no knowledge of the existence of any warrant. In fact, when Ms. Hadon demanded to see a warrant, the police told her to "shut the fuck up" and not to "worry about it". Upon information and belief, Defendants had no warrant legally authorizing them to enter Ms. Hadon's home and had no exigent circumstances and certainly did not have consent to enter.

20. When Ms. Hadon continued to question the police officers actions, one grabbed her by the neck. When Mr. Mullins protested, an officer said she was trying to "grab my gun". Ms. Hadon was handcuffed at the time.

21. Nevertheless, the officers searched the home and found nothing illegal either in the home or on the person of any person in the home. Defendants broke Ms. Hadon's front door and

tossed her entire apartment.

22. Instead of apologizing for the trauma and property damage they caused, Eric Giuliani arrested the Plaintiffs and placed Mr. Mullins in a cage at the 73rd Precinct. Ms. Hadon was chained to a metal bench. They were denied food and drink, even water.

23. Ms. Hadon's son was not arrested and was left behind in the apartment.

24. Detective Giuliani charged them with Possession of a Controlled Substance in the 7th degree, an "A" Misdemeanor punishable by up to one year in prison. Giuliani falsely claimed in an accusatory instrument that "inside of building hallway at 350 Blake Avenue, Deponent [Giuliani] observed Defendant [Hadon] in hand with one blue glassine bag, containing heroin."

25. This sworn statement is an outright lie. Neither Ms. Hadon nor Mr. Mullins were in possession of any heroin or any other illegal thing whatsoever.

26. The Plaintiffs were forced to go to court to answer for Detective Giuliani's false charges. At their second court date, the charges were dismissed.

27. Neither Plaintiffs nor Plaintiff Hadon's son committed any crime whatsoever and there was no probable cause to handcuff any of them and arrest the Plaintiffs.

28. At all times during the events described above, the Defendant police officers were acting in concert to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

29. During all the events above described, Defendants acted maliciously and with intent to injure plaintiff.

30. As a direct and proximate result of the acts of Defendants, Plaintiffs suffered the

following injuries and damages:

a.  Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from an unreasonable search and seizure;

b.  Pain and suffering;

c.  Emotional trauma and suffering, including fear, embarrassment, humiliation, severe emotional distress, frustration, extreme inconvenience, and anxiety; and

d.  Loss of liberty.

## FIRST CAUSE OF ACTION
### (42 USC § 1983 -- FALSE ARREST AND FALSE IMPRISONMENT)

30. The above paragraphs are here incorporated by reference.

31. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause, or failed to intervene in their fellow officers' conduct despite having opportunity to do so.

32. Plaintiffs were aware of their confinement and did not consent.

33. Defendants acted under color of law to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure pursuant to the Fourth Amendment to the United States Constitution when they illegally and falsely arrested and imprisoned the Plaintiffs. Defendants are liable to plaintiff under 42 U.S.C. §1983.

34. Plaintiffs have been damaged as a result of Defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (42 USC § 1983 – EXCESSIVE FORCE)

35. The above paragraphs are here incorporated by reference.

36. Defendants, without justification, assaulted and battered Plaintiffs even though Plaintiffs posed no physical or any other kind of threat to the officers or anyone else.

5

37. Defendants acted under color of law to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure pursuant to the Fourth Amendment to the United States Constitution when they subjected Plaintiff to excessive force. Defendants are liable to plaintiff under 42 U.S.C. §1983.

38. Plaintiff has been damaged as a result of defendants' wrongful acts.

## THIRD CAUSE OF ACTION
### (FEDERAL CLAIM FOR DEPRIVATION OF THE RIGHT TO A FAIR TRIAL)

39. The above paragraphs are here incorporated by reference.

40. Defendants knowingly forwarded false information to prosecutors (verbally and in written reports), that Plaintiffs were in possession of heroin, among the other false allegations written in the Criminal Complaints against them.

41. The forwarding of the false information to the Kings County District Attorney's Office violated Plaintiff's right to a fair prosecution and his right to a fair trial.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – UNLAWFUL ENTRY AND TRESPASS)

42. The above paragraphs are here incorporated by reference.

43. Defendants acted under color of law and conspired to deprive Plaintiffs of their civil, constitutional, statutory and common law rights to be free from unreasonable search and seizure, specifically, plaintiffs' rights to privacy in their home and not to be forcibly moved from a location where they are by law free to be present, to wit, Ms. Hadon's home, without any probable cause or privilege to so forcibly move and evict them, pursuant to the Fourth Amendment to the United States Constitution and are liable to Plaintiffs under 42 U.S.C. §1983.

44. Defendants forcibly entered Plaintiff Hadon's home through and forcibly evicted them.

45. Plaintiffs were damaged as a result of defendants' wrongful acts.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED: New York, New York
May 9, 2023

TO:
Police Officer Eric C. Giuliani

Yours, etc.,

*Leo Glickman*

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
5030 Broadway, Ste. 652
New York, NY 10034
(718) 852-3710
lglickman@stollglickman.com